**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 4**

Docket No. SF-0752-13-1823-I-1

**Johnny L. Ringo,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

January 6, 2015

Bobbie Bowling and Clifford H. Thomas, III, Stockton, California,
  for the appellant.

Nancy C. Rusch, Esquire, Stockton, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2    The agency removed the appellant from his position in March 2011, and he filed a Board appeal, which was settled on July 7, 2011, with a 2-year last chance agreement (LCA). Initial Appeal File (IAF), Tab 1 at 4-5. Under the terms of the LCA, the agency held the removal in abeyance, and the appellant agreed to

initiate no other civil litigation against the agency concerning the removal. *Id.* at 5. The LCA contained the following provision: "Any absence that occurs from work, for any reason and for any length of time, when the [a]ppellant's sick and annual leave balances are exhausted to zero will be considered misconduct and a violation of this [a]greement." *Id*. at 7. The appellant filed this appeal after the agency reinstated the removal for violating the LCA. *Id*. at 10-11. The removal decision notice stated that the appellant violated the LCA by being absent without leave (AWOL) for 6 hours on May 9, 2013, due to a lack of sufficient leave to cover his absence. *Id*.

¶3    On appeal, the appellant argued, among other things, that his leave and earnings statement showed that he "would have acquired [6] hours on his paycheck that would have covered the 6 hours the agency says he was [AWOL]." IAF, Tab 9 at 1. The agency responded that the appellant's argument that he was "about to earn enough leave at the end of the pay period for the leave he took during the pay period" was irrelevant because "he did not have the leave at the time he took the leave." IAF, Tab 10 at 2. Neither party produced evidence supporting their argument or understanding of the leave accrual and use procedures. The administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing, finding that the appellant had waived his Board appeal rights in the LCA, which he violated by being AWOL. IAF, Tab 11, Initial Decision (ID). In so doing, the administrative judge found that the appellant had not disputed that he did not have sufficient leave to cover the absence, and concluded that the appellant failed to make a nonfrivolous allegation that he had complied with the LCA. ID at 2-4.

## ANALYSIS

¶4    The issue is whether the appellant made a nonfrivolous allegation that he complied with the terms of the LCA. On review, the appellant argues that his leave balance was not exhausted to zero and thus he did not violate the terms of

the LCA. Petition for Review (PFR) File, Tab 1 at 4. The agency asserts that the appellant has not disputed that he lacked sufficient accrued leave to cover the 8-hour day in question, and merely references the appellant's argument that he was "about to earn more leave." PFR File, Tab 3 at 3. Thus, the parties continue to disagree regarding whether the appellant's leave was exhausted to below zero (a negative leave balance) at the time of the leave in question and whether he was entitled to use leave in the same pay period in which it was earned.

¶5      The relevant provision in the LCA does not specifically refer to accrued leave or specify whether the leave earned and used would be evaluated per pay period or on a daily basis. *See* IAF, Tab 1 at 7. Pursuant to 5 U.S.C. § 1204(e)(1)(A), the Board requested an advisory opinion from the Office of Personnel Management (OPM) on the following question:

> Under OPM's interpretation of 5 C.F.R. § 630.201, *et seq*., is accrued leave (annual leave and sick leave) earned and vested for use by an employee only at the end of the pay period in which it was accrued, or is it vested for use proportionally during the pay period in which it was accrued?

PFR File, Tab 5. OPM responded that "annual and sick leave is accrued by full time employees and available for use only after the completion of the full biweekly pay period in which it accrued," and that "[l]eave that has not yet accrued is not vested or available for use proportionally during a pay period." PFR File, Tab 10 at 2. OPM reasoned that the plain language of 5 U.S.C. §§ 6303(a) and 6307(a), awarding annual and sick leave "for each full biweekly pay period," requires completion of the full pay period prior to the accrual of annual leave. PFR File, Tab 10 at 4-5. OPM further asserted that its regulation at 5 C.F.R. § 630.202 supports such a reading, requiring an employee to be in pay status or a combination of pay and nonpay status for an entire pay period in order to earn annual or sick leave. PFR File, Tab 10 at 4-5. OPM noted that an employee is deemed to be employed for a full biweekly pay period if he is employed during the days within that period which fall within the employee's

basic administrative workweek, defined as 40 hours for each full time employee. *Id*. at 5 (citing 5 U.S.C. §§ 6101(a)(2)(A), 6302(b)). Thus, OPM concluded that an employee must be employed for a full biweekly pay period in order to earn annual and sick leave, and he earns such leave only after the pay period is completed. PFR File, Tab 5 at 5-6.

¶6        Both parties have had an opportunity to respond to OPM's advisory opinion. PFR File, Tabs 11-12. The agency concurs with OPM's conclusion that the pertinent statutes and regulations indicate that leave is earned for a full biweekly pay period, and it argues that an interpretation finding piecemeal leave accrual and availability would be untenable for a supervisor to manage. PFR File, Tab 11 at 1-2. The appellant has not directly responded to the legal conclusions in OPM's advisory opinion but instead argues that he had gone into leave without pay status pursuant to the collective bargaining agreement governing his employment, which provides that an employee without sufficient leave accrued will be granted leave without pay upon providing medical documentation. PFR File, Tab 12 at 1. The appellant acknowledges that the LCA states that leave without pay would not be granted to him except leave given in accordance with the Family and Medical Leave Act (FMLA). *Id*.; *see* IAF, Tab 1 at 6-7. The appellant discusses the collective bargaining agreement's procedures for taking disciplinary action, but he does not argue that he was eligible for FMLA leave on the day in question. PFR File, Tab 12 at 1-2.

¶7        Based on our review of OPM's analysis of the relevant statutes and regulations, we find that OPM's reasoning is sound and its conclusions regarding the accrual of leave are correct. The use of the phrase "full biweekly pay period" used throughout 5 U.S.C. §§ 6303(a) and 6307(a) and OPM's regulation at 5 C.F.R. § 630.202 supports OPM's opinion that annual and sick leave accrues only after the completion of the pay period. *See* PFR File, Tab 10 at 4-5. Thus, as a matter of law, the appellant had not yet accrued the annual and sick leave he would have earned for the completion of the relevant pay period. We find,

therefore, that the appellant has failed to make a nonfrivolous allegation that he had sufficient leave to cover his absence on May 9, 2013. We further find that the appellant has failed to make a nonfrivolous allegation that the agency should have granted him leave without pay under the limited exception set forth in the LCA. *See* IAF, Tab 1 at 6-7.

¶8      Although the administrative judge did not have the benefit of OPM's guidance at the time, we find that he appropriately concluded that the appellant failed to make a nonfrivolous allegation that he complied with the terms of the LCA. *See* ID at 4. The administrative judge correctly found that the appellant had voluntarily waived his Board appeal rights in the LCA. ID at 2. To show that a waiver of appeal rights in a settlement agreement is unenforceable, an appellant must show that he complied with the agreement or the agency breached it, he did not voluntarily enter into the agreement, or the agreement was the result of fraud or mutual mistake.[*] *Williams v. Department of the Treasury*, 95 M.S.P.R. 547, ¶ 9 (2004) (citing *Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995)). As the appellant has not raised a nonfrivolous allegation of compliance with the LCA, the administrative judge appropriately dismissed the appeal without a jurisdictional hearing. *See Hamiter*

---

[*] The appellant sought "enforcement" of the LCA before the administrative judge and did not raise any challenge to the validity of the LCA. *See* IAF, Tab 1 at 1-2, Tab 7. Thus, we will not consider his brief and vague assertions on review that he "did not completely understand everything [the LCA] pertained to," that "he felt he had been backed into a corner," and that he had no choice but to sign the LCA in 2011. PFR File, Tab 4 at 2. Further, in response to OPM's advisory opinion, the appellant argues for the first time that agency practice allowed employees to use leave that would be accrued on the next pay check, but he provides only one "sample of another employee's leave" without a name or supervisor signature and without any indication that the employee was subject to an LCA. PFR File, Tab 12 at 2, 4. This evidence and argument is immaterial to the analysis of whether the appellant lacked available annual or sick leave to cover his absence on May 9, 2013.

*v. U.S. Postal Service*, 96 M.S.P.R. 511, ¶ 12 (2004); *see also Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991).

ORDER

¶9      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.